UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| MARIO A. DELAGARZA, | Civil Action No. 7: 16-284-KKC |
| Petitioner, | |
| V. | **MEMORANDUM OPINION AND ORDER** |
| GREGORY KIZZIAH, Warden, | |
| Respondent. | |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Mario A. Delagarza has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is before the Court to conduct an initial screening of Delagarza's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because Delagarza's claim cannot be asserted in a petition under 28 U.S.C. § 2241, the Court will deny the petition.

**I.**

In December 2009, Delagarza was charged in a two-count indictment in the United States District Court for the Northern District of Texas with two separate counts of being a convicted felon in possession of a firearm with the Armed Career Criminal Act ("ACCA") enhancement in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *United States v. Delagarza*, No. 6: 09-CR-52-C-BG-1 (N.D. Tex. 2009). Section 924(e)(1) states that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be...imprisoned not less than fifteen years..." 18 U.S.C.A. § 924(e)(1). Delagarza's sentence was subject to enhancement under Section 924(e)(1)

because his criminal history included four previous felony drug convictions. *Delagarza v. United States*, No. 6:12-cv-38-C (N.D. Tex. 2012) at R. 4, p. 18, and R. 14.

In February 2010, a jury found Delagarza guilty of both counts of the indictment. In April 2010, the trial court imposed a sentence of a term of imprisonment of 292 months on each count, to run concurrently, to be followed by a 5-year term of supervised release on each count, also to run concurrently. Although Delagarza filed a direct appeal, the Fifth Circuit Court of Appeals affirmed the judgment of the trial court. In May 2012, Delagarza filed a motion to vacate under 28 U.S.C. § 2255, which was denied by the trial court in 2013. *United States v. Delagarza*, No. 6: 09-CR-52-C-BG-1 (N.D. Tex. 2009).

Delagarza, now a federal inmate in Kentucky, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence. [R. 1] In his petition, Delagarza argues that the recent decisions of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015); *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016); *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017); *United States v. Hinkle*, 832 F.3d 569, 572-73 (5th Cir. 2016); and *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), represent substantial changes in the law that retroactively affect his sentencing guidelines, such that his sentence exceeds the maximum authorized sentence. [R. 1-1 at p. 2-3] Specifically, Delagarza argues that, in light of these decisions, his prior drug convictions no longer meet the definitions of "serious drug offense" or of a "controlled substance offense," thus his sentence was improperly enhanced pursuant to the ACCA enhancement of Section 924(e). [R. 1-1 at p. 4] Delagarza also invokes *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), to contend that he may assert these claims in a § 2241 petition. However, because none of these decisions afford Delagarza any basis for relief, his petition will be denied.

## II.

A habeas corpus petition filed pursuant to § 2241 may be used to challenge actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). If a federal prisoner instead wishes to challenge the legality of his federal conviction or sentence, he must do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *McCormick v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *McCormick*, 16 F. App'x at 360.

To properly invoke the savings clause, the petitioner must be asserting a claim that he is "actual innocent" of the underlying offense by showing that after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under

which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001)); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

Delagarza's petition must be denied because his claims are not ones of actual innocence, and hence are not cognizable in a § 2241 petition. Delagarza challenges not his convictions, but his sentence. The decidedly narrow scope of relief under § 2241 applies with particular force to sentencing challenges. *Peterman*, 249 F.3d at 462; *Hayes*, 473 F. App'x at 502 ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Delagarza's claim fails to satisfy at least the first and third requirements. Delagarza was sentenced in 2010, well after *Booker* was decided in 2005, thus he fails to meet *Hill*'s first requirement.

Delagarza's also fails to identify a decision that is retroactively applicable to him and that establishes that one of his prior drug convictions no longer qualifies as a valid predicate offense. To the extent that Delagarza relies on the United States Supreme Court decisions in *Johnson* and *Welch*, neither of these cases are applicable here. In *Johnson*, the Supreme Court held that the definition of a "violent felony" in the so-called residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague, and that imposing an increased sentence under that clause violates the Constitution's guarantee of due process guaranteed under the Fifth Amendment of the U.S. Constitution. *Johnson*, 135 S. Ct. at 2563. In *Welch*, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. *Welch*, 136 S. Ct. at 1265 (2016). Here, Delagarza's sentence was subject to enhancement under Section 924(e)(1) because of his previous "serious drug" convictions, not because he had prior "violent felony" convictions. The Sixth Circuit has recognized that "*Johnson* invalidated only the residual clause of the ACCA's definition of violent felony; it did not invalidate the enumerated felony clause or any portion of the definition of a 'serious drug offense.'" *In re Sargent*, 837 F.3d 675, 677 (6th Cir. 2016)(citation omitted). Thus, *Johnson* and *Welch* do not apply to Delagarza.

In addition, as noted above, in *Welch* the Supreme Court held that *Johnson* announced a new rule of constitutional law, and hence is retroactively applicable to cases on collateral review. Precisely for that reason, inmates wishing to invoke *Johnson* as grounds to challenge their federal sentence could have done so by requesting and obtaining permission to file a second or successive motion under § 2255. See § 2255(h)(2); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). Because Delagarza and other prisoners could assert claims based upon *Johnson* under § 2255, that remedy is plainly not structurally "inadequate and ineffective" to test the legality of their detention, and resort to § 2241 is impermissible. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004);

5

*McDowell v. Warden, FCC Medium Coleman*, 2017 WL 2352000, at *2-3 (11th Cir. May 31, 2017).

Next, while Delagarza invokes *Beckles* as a ground for relief, in *Beckles*, the United States Supreme Court held that the Sentencing Guidelines are not subject to a due process vagueness challenge, rendering them immune from the very type of *Johnson* claim Delagarza attempts to assert against his sentence here. *Beckles*, 137 S. Ct. 886. Thus, Delagarza is not entitled to relief under *Beckles*.

Moreover, in *Mathis*, the Supreme Court reiterated that a statute is considered "divisible," therefore permitting use of the modified categorical approach to determine whether a prior offense may be used to enhance a sentence under the career offender provision, only when it contains alternative elements (hence defining multiple offenses), not when it merely contains alternative factual means of committing a single offense. *Mathis*, 136 S. Ct. at 2249, 2251-52. But for a claim based upon a recently-issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 307-08. The Supreme Court in *Mathis* itself made abundantly clear that its holding was required by decades-old precedent and hence did not announce any new rule, *Mathis*, 136 S. Ct. at 2257, and the Sixth Circuit has expressly so held. *In re: Conzelmann*, 872 F.3d 375 (6th Cir. 2017). Therefore *Mathis*, and the Fifth Circuit's decision in *Hinkle* which is based upon it, do not assist Delagarza either.

Finally, *Hinkle* was decided by the United States Court of Appeals for the Fifth Circuit, not the United States Supreme Court, and is therefore not binding on this Court. More importantly, in *Hinkle*, the Fifth Circuit Court of Appeals applied the "modified categorical approach" used in *Mathis* to determine whether an offense qualifies as an ACCA predicate to a case on direct appeal,

6

not on collateral review. *Hinkle*, 832 F.3d at 574-75. *See USA v. Ramirez*, 2017 WL 2819906 at *6 (S.D. Tex. June 28, 2017)("Because *Mathis* does not apply on collateral review, the holdings in *Hinkle* and [*United States v. Tanksley*, 854 F.3d 284 (5th Cir. 2017)] do not apply on collateral review either."); *Brodie v. United States*, 2017 WL 2540570 at *2 (W.D.Ky. June 9, 2017)(rejecting the argument that *Hinkle* demonstrates that *Mathis* should apply retroactively to cases on collateral review because *Hinkle* was decided on direct appeal and not collateral review). Thus, *Hinkle* is inapplicable here.

For all of these reasons, Delagarza's claim falls outside the decidedly narrow exception set forth in *Hill*, therefore his sentencing claim does not fall within the narrow scope of § 2255(e)'s savings clause. *Peterman*, 249 F.3d at 462. Thus, his petition must be denied.

Accordingly, **IT IS ORDERED** that:

1. Delagarza's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated December 5, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY